IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVERETT JOHNSON, ) | |
| ) | Civil Action No. 10 - 692 |
| Petitioner, ) | |
| ) | District Judge Nora Barry Fischer |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| FEDERAL BUREAU OF PRISONS/ATT ) | |
| GENERAL, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.

**II.  REPORT**

Petitioner, Leverett Johnson, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that he is in custody in violation of federal law because the federal Bureau of Prisons (BOP) calculated his sentences incorrectly. Specifically, he claims that the BOP abused its discretion by failing to allow him to serve his federal and state sentences concurrently. For the reasons set forth below, the Petition should be denied.

**A. Undisputed Relevant Factual and Procedural History**

The record evidence, which Petitioner does not dispute, reflects the following facts. On January 26, 1996, Petitioner was sentenced in the United States District Court for the Western District of Pennsylvania to a 180 month term of imprisonment with a three year term of supervised release to follow for Conspiracy to Commit an Offense Against the United States, Theft of a Firearm From a Federally Licensed Firearms Dealer, and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 371, 922(u), 924(i)(1) and 2, 922(g)(1) and 924(e). The sentencing court directed that the federal sentence run concurrently with the state sentence that he was serving at the time the federal sentence was imposed. On December 5, 1997, Petitioner's federal sentence was reduced to 72 months imprisonment, concurrent with the state sentence he was serving, with a three year term of supervised release to follow. On April 17, 2001, Petitioner satisfied his federal sentence and was released from BOP custody to serve his term of supervised release (ECF No. 13-1, p. 9).

On January 23, 2002, the United States Probation Office filed a petition to revoke Petitioner's

supervised release. Following a revocation hearing, Petitioner's supervised release was revoked and he was sentenced to a term of 24 months imprisonment and one year of supervised release concurrent with the state sentence he was serving at the time the supervised release violator (SRV) term was imposed. On December 15, 2003, Petitioner satisfied the 24 month SRV term imposed on September 4, 2002 and he was released from BOP custody to complete his one year term of supervised release.

On or about November 12, 2004, Petitioner was arrested by Pennsylvania authorities for charges of robbery and related offenses. He was taken into state custody at that time.

On September 9, 2004, the United States Probation Office again filed a petition to revoke Petitioner's supervised release. Following a revocation hearing, District Judge David S. Cercone revoked Petitioner's supervised release on December 2, 2004 and sentenced him to a term of 21 months imprisonment with no additional supervised release. The Court was silent as to its intent as to whether the SRV term was to run concurrently or consecutively with any other sentence. At the conclusion of the federal criminal court hearing, Petitioner was returned to state custody.

On September 14, 2005, Petitioner entered a plea of *nolo contendre* to the Pennsylvania criminal charges and was sentenced to five concurrent state sentences of from five to ten years imprisonment. His minimum date expired on November 12, 2009, and the maximum date of his state sentence is November 12, 2014 (ECF No. 13-3, p. 17). A federal detainer was issued on December 19, 2006 for service of Petitioner's 21 month SRV term imposed on December 2, 2004.

In a letter to the BOP dated September 17, 2009, Petitioner requested information as to how much time had been credited against the 21 month federal SRV term. In a letter dated October 9, 2009, Petitioner was informed that his federal sentence computation had not been completed. He was advised that he was in primary state custody at the time the federal sentence was imposed. He was advised that upon satisfaction of his state sentences, he would be released to a federal detainer and the United States Marshal Service would submit a request to the BOP for a federal designation. He was informed that upon his federal designation, his federal sentence would be computed (ECF No. 13-4, p. 5).

On December 28, 2009, Petitioner requested a *nunc pro tunc* designation of the state institution for service of his federal sentence. In a letter dated July 9, 2010, Petitioner was informed that his request for a retroactive designation of the state institution for service of his federal sentence was denied by the BOP.

At the time the Response was filed, Petitioner was in state custody serving his five to ten year Pennsylvania robbery sentences; his federal SRV sentence had not yet been computed. It appears from the docket, however, that Petitioner was transferred to federal custody on January 19, 2011. It is assumed that his federal sentence will be computed in the near future.

### B. Federal Sentence Calculation

The first bedrock principle that we must recognize in this case is that where an individual has committed crimes against two sovereigns, the issue of who has jurisdiction over him is a matter of comity between the two sovereigns. Ponzi v. Fessenden, 258 U.S. 254, 262 (1922). As to the federal government, the authority to exercise this comity rests with the Attorney General, and an individual may not complain about her decisions. *See* Poland v. Stewart, 117 F.3d 1094, 1098 (9th Cir.1997) ("It is the Attorney General's job to exercise the authority of the United States over federal prisoners. If she chooses to leave [an individual] in the custody of the State ..., neither [the individual] nor this court is in a position to say she lacks the authority under the Constitution to do so."); Bowman v. Wilson, 672 F.2d 1145, 1154 (3d Cir. 1982) (" '[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner.' ") (quoting Derengowski v. United States, 377 F.2d 223, 224 (8th Cir.1967)) (alteration by quoting court). A corollary to this principle is that a determination as to concurrence of sentence made by one sovereign does not bind the other. A prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, "compel the federal government to grant a concurrent sentence." Pinaud v. James, 851 F.2d 27, 30 (2d Cir. 1988) (quoting United States v. Sackinger, 704 F.2d 29, 32 (2d Cir.1983)).

The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. *See* Ponzi v. Fessenden, 258 U.S. 254 (1922). *See also* Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of

3

sentence imposition. *See, e.g.*, Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it "relinquishes its priority by, *e.g.*, bail release, dismissal of the state charges, parole release, or expiration of the sentence." Chambers, 920 F. Supp. at 622 (citations omitted). Producing a state prisoner under writ of *habeas corpus ad prosequendum* to answer federal charges does not relinquish state custody. Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991); Salley v. United States, 786 F.2d 546, 547-48 (2d Cir.1986) (defendant produced and sentenced in federal court via writ of *habeas corpus ad prosequendum* did not begin to serve consecutive federal sentence until delivered into federal custody).

The Attorney General, through the Bureau of Prisons (BOP), has responsibility for imprisoning federal offenders. *See* 18 U.S.C. § 3621(a). *See also* United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ifeoluwa, 238 Fed. App'x 895, 900 (3d Cir. 2007). The interpretation of a statute by the agency charged with administering it is entitled to some deference, so long as its interpretation is not clearly erroneous or contrary to law or the constitution. Reno v. Koray, 515 U.S. 50, 60 (1995). Thus, the standard of review of the BOP's actions in crediting Petitioner's federal sentences is limited to determining whether the BOP abused its discretion. Espinoza v. Sabol, 558 F.3d 83, (1st Cir. 2009) ("Most circuits consider that the district court's review of a BOP decision about credits is for abuse of discretion."). Moreover, the BOP is presumed to follow the law and so it is Petitioner's burden to show otherwise in this Section 2241 petition and to show that the BOP abused its discretion in calculating Petitioner's sentences. *See, e.g.*, Garner v. Jones, 529 U.S. 244, 256 (2000) ("we presume the Board [of Pardons and Paroles of Georgia] follows its statutory commands and internal policies in fulfilling its obligations."); United States v. Aviles, 623 F.2d 1192, 1198 (7th Cir. 1980) ("the presumption of regularity attends official acts of public officers and the courts presume that their official duties have been discharged properly.").

A federal prisoner's sentence calculation is governed by 18 U.S.C. § 3585, Calculation of a term of imprisonment. Paragraph (a) of the statute governs the date upon which a prisoner's sentence commences, and paragraph (b) governs credit he receives for time he spent in official detention prior to the date his sentence commenced. Thus, in any computation of a federal sentence, two separate decisions must be made: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). *See*

*also* Dutton v. U.S. Attorney General, __ F.Supp.2d __, __, 2010 WL 2000370, at *3 (W.D.N.Y., May 20, 2010).[1]

1.  Commencement of a Federal Sentence

The date upon which a federal sentence commences is controlled by 18 U.S.C. § 3585(a), which provides as follows:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP has interpreted § 3585(a) such that it will not commence a federal sentence earlier than the date on which it was imposed. *See* PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). *See also* Rashid v. Quintana, 372 Fed. App'x 260, 262 (3d Cir. 2010) ("A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. *See* 18 U.S.C. § 3585(a). *See also* United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed."); DeMartino v. Thompson, Civil No. 96-6322, 1997 WL 362260 at *2 (10th Cir. July 1, 1997) ("Logically, a [federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Thus, a federal sentence cannot commence prior to the date it is pronounced, even if made

---

1. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual (PS 5880.28). BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). While the BOP policies at issue in this case are not entitled to the deference described in Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842 (1984), the policies still are entitled to "some deference" from this court. Koray, 515 U.S. at 61; Roussos v. Menifee, 122 F.3d 159, 163-64 (3d Cir. 1997).

concurrent with a sentence already being served. Rashid, 372 Fed. App'x at 2, n.7; Peterson v. Marberry, Docket Civil No. 07-56, 2009 WL 55913 at *3-5 (W.D. Pa. Jan.5, 2009) (citing PS 5880.28, Chapt. 1, Pages 12-13, and explaining in detail BOP policies regarding § 3585(a)).

A threshold issue in determining the commencement date of a Federal sentence is whether the defendant was in primary Federal or primary non-Federal custody at the time the Federal sentence was imposed. If the defendant was in primary Federal custody, the Federal sentence will commence upon imposition. If, however, the defendant was in primary State or other non-Federal custody at the time the Federal sentence was imposed, the BOP must determine whether the **federal** sentencing court expressly indicated an intent as to whether the federal sentence should run concurrently or consecutively with the non-federal sentence. If the Federal court expressly indicated an intention to have its sentence run concurrently with the non-Federal sentence, the Federal sentence will be deemed to commence upon imposition and the Bureau of Prisons will designate the State correctional facility as the place for the defendant to serve his Federal sentence. If the Federal sentencing court was silent as to whether it intended its sentence to run concurrently, the court's silence will be construed as an intent to impose a consecutive sentence. In such cases, the Federal sentence will commence only when primary non-Federal custody over the defendant is relinquished.

Here, the federal court did not order that Petitioner's federal SRV sentence was to be served concurrent with his state sentence. In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. *See* PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. Pennsylvania did not relinquish jurisdiction over Petitioner prior to his federal sentencing date. Petitioner was brought before the federal court pursuant to a writ of *habeas corpus ad prosequendum* but primary jurisdiction over him remained vested in the state; no triggering event occurred to shift

primary jurisdiction to the federal government. Because Petitioner was in the primary custody of the state when his federal sentence was imposed, and because his federal sentence must be considered to have been imposed to run consecutive to any state sentence, he was returned to the state after his federal sentencing. Because he continued to be held in state custody, his federal sentence had not yet commenced to run.

2. <u>Retroactive Designation under 18 U.S.C. § 3621(b)</u>

Under 18 U.S.C. § 3621(b), the BOP has discretion to retroactively designate a state prison to be the place of commencement of a federal sentence. *See also* BOP Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>. Specifically, the BOP designates the state correctional institution (the primary custodian) for service of the federal sentence. Such retroactive designation allows a federal sentence to run concurrently with a state sentence as of the date a prisoner is sentenced by the federal court. In making this determination, the BOP is required to consider the following factors under 18 U.S.C. § 3621(b): (1) resources of the facility contemplated; (2) nature and circumstances of the offense; (3) history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission.

In <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the United States Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. For example, the BOP recognizes that the following might occur: the state had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a state

sentence and orders that it is to be served concurrently with the federal sentence. Barden, 921 F.2d at 478-83; PS 5160.05, Pages 5-7. When this occurs, the inmate typically will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. *Id*. at 478-83; PS 5160.05, Pages 5-7. The BOP may also consider the state court's sentencing order as a request that the inmate be permitted to serve his federal and state sentences concurrently. PS 5160.05, Page 7.

Although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant the request. Barden, 921 F.2d at 478 n. 4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). The BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7.

This Court reviews the BOP's exercise of its discretion to grant or deny a request for a *nunc pro tunc* designation for an abuse of discretion. Barden, 921 F.2d at 478 ("We will therefore remand this matter to the district court with directions that it in turn remand the matter to the Bureau so that the Bureau can promptly review Barden's claim and thereafter act to grant or deny it in accordance with the broad discretion the Bureau is given by the applicable statute. See 18 U.S.C.A. § 4082(b) (West 1985). Any further court review of the Bureau's action will be limited to abuse of

discretion."). It is a petitioner's burden to establish that the BOP abused its discretion in denying the request. Smith v. Lamanna, Civil No. 05-2260, 2006 WL 1705664, at *4 (D.S.C. June 13, 2006) ("Petitioner has also failed to meet his burden of showing that the BOP abused its discretion in this case."). *See also* Nunez v. Berkebile, Civil No. 08-1710, 2008 WL 5220282, at *2 (N.D. Tex. Dec. 12, 2008) ("Petitioner has failed to show that the BOP abused its discretion in failing to designate the TDCJ-CID [*i.e.*, the state prison] as a 'place of imprisonment' for serving his federal sentence.").

In this case, on December 23, 2009, Petitioner sent a letter to the BOP requesting a *nunc pro tunc* designation (ECF No. 13-4, pp. 7-9)). In response to this request, on March 12, 2010, the BOP's Designations and Sentence Computation Center (DSCC) sent a letter to the Honorable David S. Cercone, the federal sentencing judge, advising him that Petitioner had requested a retroactive designation of the state institution for service of his federal sentence. The Court was informed that if the BOP granted the inmate's request for a retroactive designation, the federal sentence would be computed as commencing upon imposition; if the BOP denied the inmate's request, the federal sentence would commence upon the inmate's satisfaction of the non-federal sentence (ECF No. 13-4, pp. 11-12). In a letter dated May 10, 2010, Judge Cercone responded to the DSCC's request as follows.

> I write in response to your letter dated March 12, 2010, regarding the above referenced case. At the time of sentencing, I did not consider the issue of whether or not Mr. Johnson's sentence should run concurrent or consecutive to any state sentence since, as you know, no such sentence had yet been imposed. As I recall, the issue was not raised by either the Defendant or the government at the time of sentencing. At the time, I fully expected that his federal sentence would begin immediately. Beyond this, I take no further position on the Bureau's determination to grant or deny Mr. Johnson's request.

ECF No. 13-4, p. 14.

On June 23, 2010, Petitioner was evaluated for a retroactive designation of the state institution for service of his federal sentence (ECF No. 13-4, pp. 16-17). On July 9, 2010, Petitioner received the following notice from the DSCC that his request for retroactive designation was not approved.

> This is in response to your correspondence to the Designation and Sentence Computation Center in which you request a nunc pro tunc designation.
>
> The merits of your case have been reviewed in accordance with the five factors in Title 18 U.S.C. § 3621(b); specifically, (1) the resources of the facility contemplated, (2) the nature and circumstances of the offense, (3) the history and characteristics of the prisoner, (4) any statement by the court that imposed the sentence, and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994{a) (2) of Title 28.
>
> Accordingly, the relevant factors under 18 U.S.C. § 3621(b) were determined to be factors (2), (3) and (4). Under factors (2) and (3), your current federal and state offenses, as well as your criminal history were considered. Those offenses include, but are not limited to, Robbery, Disorderly Conduct, Retail Theft, Possession of a Controlled Substance with Intent to Deliver, Involuntary Manslaughter, and Possession of a Firearm.
>
> Under factor (4), the federal Judgment in a Criminal (J&C) Case was reviewed and found to be silent regarding whether your sentence should run consecutively or concurrently to any other sentence. However, Title 18 U.S.C. § 3584 provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."
>
> Based on the above, we have determined that a nunc pro tunc designation is not appropriate. Therefore, your request is denied.

ECF No. 13-4, p.19.

The BOP did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation. It considered, as it must, the factors set forth in § 3621(b) and concluded that such a designation was not warranted in Petitioner's case. The BOP is charged with carrying out

the sentence that the federal court imposed. The federal sentencing court did not order - at the time of sentencing or at any point subsequent to sentencing - that Petitioner serve his federal sentence concurrently with his state sentences. Therefore, the BOP is not obligated to calculate Petitioner's federal sentence as concurrent with his state sentence.

While the Court is sympathetic to Petitioner's position, the Court is constrained by existing precedent and applicable rules of law to find that the BOP did not abuse its discretion in denying his request for retroactive designation. *See, e.g.,* Galloway v. Warden of F.C.I. Ft. Dix, 385 Fed. App'x 59, 65 (3d Cir. 2010) (affirming district court's denial of 2241 petition notwithstanding state court order directing state sentence to run concurrent to federal sentence). As such, his Petition must be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. *See* Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                     Lisa Pupo Lenihan
                                                     United States Magistrate Judge, Chief

Dated: February 16, 2011

cc:    Leverett E. Johnson
        GJ7150
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219